Kelly Greene McConnell ISB No. 4900
Amber N. Dina, ISB No. 7708
GIVENS PURSLEY LLP
601 W. Bannock Street
Post Office Box 2720
Boise, Idaho  83701-2720
Telephone  (208) 388-1200
Facsimile  (208) 388-1300
litigation@givenspursley.com
amberdina@givenspursley.com
15827804.2

*Attorneys for the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>DEWIT DAIRY,<br><br>                Debtor. | Case No. 20-40734-JMM<br>Chapter 11 |

**OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN
DATED FEBRUARY 28, 2021**

The Official Committee of Unsecured Creditors ("Creditors' Committee"), by and through its counsel of record Givens Pursley LLP, hereby files this Objection to DeWit Dairy's Liquidating Plan Dated February 28, 2021 (Dkt. 127) ("Plan").

### I.    BACKGROUND

1. DeWit Dairy ("Debtor") is a general partnership. *See* DeWit Dairy's Amended Disclosure Statement dated April 30, 2021 (Dkt. 187) ("Disclosure Statement").

2. The Debtor closed the sale of its real property and certain other assets on April 30, 2021. Disclosure Statement at 4.

**OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN - 1**

3. The Debtor employed an accountant to assist "the Debtor to prepare and file tax returns and calculate the required tax liabilities as a result of the liquidation of assets." *Id.; see also* Application to Employ Accountant (Dkt. 110) ("Application") and Order Authorizing Debtor's Employment of Accountant (Dkt. 140) (authorizing the Debtor to employ "Mark Brady at Epic Accounting as accountant in this matter consistent with the terms outlined in the Application, with the accountant's employment effective January 27, 2021").

4. Mr. Brady, as the accountant employed by the Debtor, billed the estate $1,960 for seven (7) hours of work for "projection tax liability of facility/land sale". *See* Application for Allowance of Interim Fees and Costs for Epic Accounting, LLC (Dkt. 193) at 9.

5. The Disclosure Statement provides, that as of February 28, 2021, the Debtor "anticipates the taxes will be approximately $500,000.00. The ultimate amount of taxes will depend upon the sale price of the property, and whether the Debtor can capture significant losses from 2020 operations." Disclosure Statement at 12, 13.

6. The Plan provides that "[e]ach holder of a Priority Tax Claim will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and Debtor." Plan at § 3.03.

7. The Creditors' Committee has requested the Debtor provide it with information on how the Debtor's accountant estimated the $500,000 tax liability and the specific nature of the liability. Counsel for the Creditors' Committee has also raised concerns that $500,000 is large liability for the Debtor since a general partnership is not a taxable entity under federal law.

8. To date, other than the scant references to anticipated taxes provided in the Disclosure Statement, the Creditors' Committee has not received any information on the anticipated $500,000 tax liability.

**OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN - 2**

## II. ANALYSIS

The Creditors' Committee incorporates the analysis and objections set forth in the United States Trustee's Objection to Confirmation of DeWit Dairy's Liquidating Plan (Dkt. 218) ("UST's Objection") and provides the following additional analysis:

For purposes of federal taxation, partnerships are "pass-through entities" that file an informational tax return; however, the partnership itself is not responsible for taxable gains and losses. Instead, gains and losses are passed through to the individual partners. *See* 26 U.S.C. § 701 ("A partnership as such shall not be subject to the income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities."); *see also In re Green*, 182 B.R. 532, 536 (Bankr. C.D. Ill. 1995) ("Under long established principles of partnerships, the partnership is viewed as a conduit; the income generated and taxes due keep their original character as they flow through to the individual partners. Partnerships are not taxable entities and simply file information returns under 26 U.S.C. § 6031.").

A partnership's Chapter 11 bankruptcy filing does not alter its tax status. *See* 26 USC §§ 1398 and 1399 (no separately taxable estate is created in a partnership Chapter 11 filing). In addition, pursuant to Section 345(b), the "estate shall be liable for any tax imposed on such corporation or partnership, but not for any tax imposed on partners or members."[1]

A few courts have addressed the payment of partnership taxes in the context of a partnership's Chapter 11 bankruptcy. For example, in *In re Green*, a partnership and its three

---

[1] In contrast to an individual Chapter 11 bankruptcy, no separate taxable entity is created by a partnership filing bankruptcy. Section 1399 of the Internal Revenue Code states that "[e]xcept in any case to which section 1398 applies, no separate taxable entity shall result from the commencement of a case under [the Bankruptcy Code]." 26 U.S.C. 1399. Section 1398 applies to "any case under chapter 7 (relating to liquidations) or chapter 11 (relating to reorganizations) of [the Bankruptcy Code] <u>in which the debtor is an individual</u>." 26 U.S.C. 1398(a) (emphasis added).

**OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN - 3**

partners each filed separate Chapter 11 cases. *In re Green*, 182 B.R. 532 (Bankr. C.D. Ill. 1995). The individual partners then sought authority to have the partnership pay their income taxes or distribute sufficient cash to the individual partners so they could each pay their individual income taxes. One of the partnership's unsecured creditors objected since payment on its claim would be reduced if the partnership paid the individual partners' income taxes. *Id.* at 533.

Following analysis of the Internal Revenue Code and federal case law, the United States Bankruptcy Court for the Central District of Illinois held, "there is simply no legal means by which the personal taxes of [the general partner] can be paid out of the estate assets of the partnership debtor. The estate is not legally obligated to pay under the Code and to pay such a claim would be inequitable treatment of the creditors with legitimate claims." *Id.* at 537. The Court further emphasized the equity of this result, stating:

> It should be noted that the Debtors chose the partnership form of business organization when they formed the . . . [business]. If they had selected a corporate form of ownership, they would not be faced with this dilemma that they are now in. They apparently chose the partnership route in order to obtain the tax benefits of partnership, that is, the flow through of gains and losses. It is precisely this tax attribute that they now are attempting to evade. However, having obtained the benefits they must also live with the burdens.
>
> Contrary to [the general partner's] belief that he derived no personal gain from the income generated by the partnership while in bankruptcy and, therefore, should not be liable for the taxes due on the income, the income will be used to satisfy claims of the Debtor's creditors to whom [the general partner] would otherwise be personally liable. The extinguishment of those obligations will relieve [the general partner] of potential liability and thus inure to his benefit.

*Id.* at 536. *See also In re N. Carolina Tobacco Int'l, LLC*, No. 17-51077, 2020 WL 4582282 (Bankr. M.D.N.C. Aug. 10, 2020) (granting Trustee's motion to determine that the estate should not remit pass-through taxes on behalf of out-of-state members of the debtor limited liability company). Likewise, in this case, the Debtor's bankruptcy estate should not be liable for paying the individual partners' income taxes resulting from the sale of the Debtor's property.

**OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN - 4**

Moreover, the Court should not permit the Debtor to make an election to be taxed in a way that would shift the tax burden from the individual partners to the Debtor in violation of the absolute priority rule. For example, in *In re Schroeder Brothers Farms of Camp Douglas LLP,* after the debtor partnership defaulted on payments to creditors under the debtor's confirmed Chapter 11 bankruptcy plan, the debtor sought to file a "Check The Box Tax Election" to convert from a partnership to a taxable corporation for federal income tax purposes. *In re Schroeder Bros. Farms of Camp Douglas LLP*, 602 B.R. 695, 701 (Bankr. W.D. Wis. 2019). The election would have shifted the future federal income tax liability attributable to the liquidation sale of the debtor's assets from the partners of the debtor to the debtor. The Bankruptcy Court denied the debtor's Check The Box Election on the grounds that it violated the absolute priority rule under Bankruptcy Code Section 1129. *Id.* at 701. Such an election would benefit the partners to the detriment of the debtor's creditors because the tax conversion would shift funds from the creditors to the taxing authorities. *Id.*

Similarly, should the Debtor here elect to be taxed as a corporation or in any other way that would shift the tax liability from the partners to the bankruptcy estate, such an election would violate the absolute priority rule. *See* 11 U.S.C. § 1129(a)(8) & (b) and UST's Objection; *see also In re Schroeder Bros. Farms*, 602 B.R. at 701 ("The absolute priority rule prohibits 'the bankruptcy court from approving a plan that gives the holder of a claim *anything at all* unless all objecting classes senior to him have been paid in full.' . . . The rule serves to address 'the danger inherent in any reorganization plan . . . that the plan will simply turn out to be too good a deal for the debtor's owners.'") (citations omitted).

Based upon the foregoing and the analysis contained in the UST's Objection, the Creditors' Committee objects to confirmation of the Plan.

**OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN - 5**

DATED this 10th day of September, 2021.

GIVENS PURSLEY LLP

By */s/ Amber N. Dina*
    Amber N. Dina – Of the Firm
    Attorneys for the Official Committee of
    Unsecured Creditors

**OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN - 6**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 10th day of September, 2021, I filed the foregoing **OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN DATED FEBRUARY 28, 2021** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| **Matthew T. Christensen**<br>mtc@angstman.com<br>mtcecf@gmail.com<br>mlanderson@angstman.com<br>megan@angstman.com<br>abbie@angstman.com<br>ecf@angstman.com | **U.S. Trustee**<br>ustp.region18.bs.ecf@usdoj.gov |
| **David W. Gadd**<br>dwg@magicvalleylaw.com<br>jfb@magicvalleylaw.com | **Brandon Taylor Berrett**<br>bberrett@wrightbrotherslaw.com |
| **David A. Heida**<br>dheida@whitepeterson.com<br>lhembree@whitepeterson.com | **Andrew Seth Jorgensen**<br>andrew.jorgensen@usdoj.gov |
| **Chad Moody**<br>chad@angstman.com<br>megan@angstman.com<br>caroline@angstman.com<br>abbie@angstman.com<br>ecf@angstman.com | **Sheila R. Schwager**<br>sschwager@hawleytroxell.com<br>dsorg@hawleytroxell.com |
| **Aaron J. Tolson**<br>ajt@aaronjtolsonlaw.com | **James C. Meservy**<br>jcmeservy@wmlattys.com<br>dlpeterson@wmlattys.com<br>lmcarpenter@wmlattys.com<br>jmbos@wmlattys.com |
| **Sheila R. Schwager**<br>sschwager@hawleytroxell.com<br>dsorg@hawleytroxell.com | |

AND, I FURTHER CERTIFY that on such date I served the foregoing **OBJECTION TO DEWIT DAIRY'S LIQUIDATING PLAN DATED FEBRUARY 28, 2021** on the following non-CM/ECF Registered Participants in the manner indicated:

| | |
|---|---|
| Dewit Dairy<br>2011 Bob Barton Hwy<br>Wendell, ID 83355 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Argo Partners<br>12 West 37th Street<br>New York, NY 10018 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |

                                                    _/s/ Amber N. Dina_
                                                   Amber N. Dina